IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL COOPER,

    Petitioner,

v.

                                                           Case No. 2:24-cv-2890-MSN-atc

WARDEN C. HARRISON,

    Respondent.

**ORDER DENYING AND DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On November 15, 2024, Petitioner Michael Cooper, an inmate then incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons ("BOP") register number 06837-063, filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 seeking a proper sentence calculation with application of Earned Time Credits ("ETCs") available under the First Step Act, good time credit, and credit for completion of the Residential Drug Abuse Program ("RDAP"). (*See* ECF No. 2 at PageID 3.) Cooper contends that he should be immediately released. (*Id.* at PageID 7.)

For the reasons stated below, the § 2241 Petition is **DENIED** and **DISMISSED**.

I.     **BACKGROUND**

On February 26, 2015, in the United States District Court for the Eastern District of Oklahoma, Cooper was sentenced to 188 months in prison, to be followed by five years on supervised release, for drug conspiracy, in violation of 21 U.S.C. § 846. (*See* ECF No. 2 at PageID 2; *see* ECF No. 10 at PageID 35; *see* ECF No. 10-2 at PageID 55.) Cooper's projected

release date is July 16, 2025.  (*Id.*)  According to the BOP inmate locator, Cooper is at Dallas Residential Reentry Management field office.  *See* Federal Bureau of Prisons, Inmate Locator (last accessed June 12, 2025.)

## II.     THE HABEAS PROCEEDINGS

Cooper asserts that he is due to be immediately released, but FCI Memphis refuses to properly calculate his time, which includes ETCs, good time credits, and 12 months for RDAP.  (ECF No. 2 at PageID 2, 7.)  Cooper asserts that he requested a release date and was given the "run around."  (*Id.* at PageID 3.)  He alleges that he exhausted his administrative remedies, but simultaneously asserts that he "learned by research that [I] did not have to exhaust any administrative remedy since [I] am due for immediate release."  (ECF No. 2-1 at PageID 9.)  Cooper contends that the BOP does not have discretion to delay his transfer to a Residential Reentry Center.  (*See id.* at PageID 9–10.)  Cooper alleges that he has earned eight years and five months off his sentence and that his release is three years overdue.  (*Id.* at PageID 11.)

Cooper seeks a proper sentence calculation and immediate release.  (*Id.* at PageID 12.)  He says that he is "past the time for the halfway house, but it is needed."  (*Id.*)

Cooper attaches an Attempt at Informal Resolution about placement in the halfway house, a Request for Administrative Remedy dated September 26, 2024, the Response to Request for Administrative Remedy, the Regional Administrative Remedy Appeal dated October 15, 2024, a Rejection Notice dated October 28, 2024, and a Central Office Administrative Remedy Appeal dated November 5, 2024.  (*Id.* at PageID 14–18.)

On January 8, 2025, the Warden filed Respondent's Motion to Dismiss, Or In the Alternative, For Summary Judgment And Memorandum In Support.  ("Motion to Dismiss," ECF No. 10.)  The Warden argues that Cooper failed to exhaust his administrative remedies

2

because his regional appeal was rejected as untimely, and Cooper sought no further appeals. (ECF No. 10 at PageID 35–37, 41–44.)  The Warden calculates Cooper's projected release date as July 16, 2025, which includes application of good time credit and ETCs and 365 days of credit for completion of the RDAP.  (*Id.* at PageID 35–36.)  The Warden argues that Cooper does not have a protected liberty interest in placement in a halfway house or on home confinement.  (*Id.* at PageID 35.)  According to the Warden, the Residential Reentry Management ("RRM") office authorized a halfway house placement for Defendant of March 4, 2025, which was based on the earliest available bed space.  (*Id*. at PageID 36; *see* ECF No. 10-1 at PageID 51; *see* ECF No. 10-4.)

Cooper has not filed a response to the Motion to Dismiss, and the time for responding has expired.

### III.  ANALYSIS

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition after the inmate has exhausted his administrative remedies with the BOP.  *United States v. Westmoreland*, 974 F.2d 736, 73738 (6th Cir. 1992); *see Hedges v. United States Marshals Serv.*, No. CV 5:22-294-DCR, 2022 WL 17177630, at *2 (E.D. Ky. Nov. 23, 2022) ("If a prisoner believes that his sentence is improperly computed because he has been unfairly denied credit toward the sentence imposed, he must pursue administrative review of that computation with the BOP prior to seeking habeas relief under § 2241.")

The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office

(national) levels. *See generally* 28 C.F.R. § 542 .10, *et seq.*[1] The Sixth Circuit has consistently required exhaustion of administrative remedies before filing of a § 2241 Petition. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *see Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit"), quoting *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002). However, a prisoner's failure to exhaust may be excused where pursuing administrative remedies would be futile. *See Byrd v. Fed. Bureau of Prison*, No. 21-5911, 2022 WL 898772, at *2 (6th Cir. Feb. 28, 2022).

Cooper asserts that he exhausted his administrative remedies before filing his § 2241 Petition. However, Cooper's regional appeal was rejected as untimely, and he did not further pursue his administrative remedies. (ECF No. 2-1 at PageID 14; *see* ECF No. 10-1 at PageID 52-53; *see* ECF No. 10-5 at PageID 66.) Cooper's failure to exhaust administrative remedies is not excused.

The Motion to Dismiss (ECF No. 10) is **GRANTED** for failure to exhaust administrative remedies.[2] The § 2241 Petition is **DENIED**. Judgment shall be entered for Respondent.

---

[1] After the inmate has attempted to resolve his matter of concern informally, an initial request is made to the Warden at the institutional level. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 days of receiving the Warden's response. *See* 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within 30 days of receiving the Regional Director's response. *Id.*

[2] The Court finds it unnecessary to address Petitioner's claim considering his failure to exhaust administrative remedies.

IV.     **APPEAL ISSUES**

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner has not exhausted his administrative remedies, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to

5

Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**, this 12th day of June, 2025.

                                                  *s/ Mark S. Norris*
                                                  MARK S. NORRIS
                                                  UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.